Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
ERVIE CUASIM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIE CUASIM, <br><br> Plaintiff, <br><br> v. <br><br> CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC; <br> REGENCY ONE CAPITAL, LLC; <br> API RECOVERY SOLUTIONS; <br> JAY BARSKY; <br> JUDAH KAPLAN; <br> and DOE 1-5 <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **1.) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 et seq.)** <br><br> **2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (Cal. Civ. Code § 1788 et seq.).** <br><br> **DEMAND FOR JURY TRIAL** |

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

1

## JURISDICTION AND VENUE

2.     This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.  This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein against Plaintiff while Plaintiff so resided.

## PARTIES

3.     Plaintiff, ERVIE CUASIM (hereinafter "Plaintiff" or "Ms. Cuasim"), is a natural person residing in Valencia, California.  Defendant, CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC, is a limited liability company believed to maintain its principle place of business at 111 Great Neck Road Suite 506, in Great Neck, NY.  REGENCY ONE CAPITAL, LLC is a limited liability company believed to maintain its principle place of business at 8828 Main Street in Williamsville, NY.  REGENCY ONE CAPITAL, LLC is believed to be owned and operated by CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC.  API RECOVERY SOLUTIONS is believed to be an unregistered fictitious business name for REGENCY ONE CAPITAL, LLC.  JAY BARSKY and JUDAH KAPLAN are believed to be the managing members of CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC and REGENCY ONE CAPITAL, LLC, debt collectors, and responsible for the actions, policies, and procedures of the

company, including those giving rise to Plaintiff's causes of action as set forth herein. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

4.  CUZCO CAPITAL INVESTMENT MANAGEMENT, LLC, REGENCY ONE CAPITAL, LLC, API RECOVERY SOLUTIONS, JAY BARSKY, JUDAH KAPLAN, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

5.  Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

6.  Plaintiff is informed and believes and herein alleges that Cuzco Capital Investment Management, LLC (hereinafter "Cuzco") attempted to collect a consumer debt from Ms. Cuasim that Cuzco had purchased from the original creditor. Cuzco engaged in debt collection activities against Ms. Cuasim through

its subsidiary Regency One Capital, LLC, which in turn used the fictitious business name of "API Recovery Solutions" or simply "API."

7. On or about January 30, 2017 Defendants called Ms. Cuasim and left a message on her voicemail, which did not identify Defendants' company name or disclose that they are debt collectors.

8. On or about February 2, 2017 Defendants called Ms. Cuasim and left a message on her voicemail that did not identify Defendants' company name or disclose that they are debt collectors.

9. On February 3, 2017 Defendants called Ms. Cuasim and left a message on her voicemail, the content of which is as follows: "This message is intended for Ervie Cuasim. My name is Mark Brown. I'm with the pre-litigation division of API. I'm either looking to speak with Ervie herself or your attorney today in regards to case number 282551. My phone number here is 888-673-0877. My extension is 252.

10. On February 3, 2017 Defendants called Ms. Cuasim's brother. Defendants advised Ms. Cuasim's brother that Defendants were from Los Angeles County, stated that they were calling regarding a "pre-legal case" pending against Ms. Cuasim, and provided a phone number for which Ms. Cuasim could return the call.

11. On February 3, 2017, Ms. Cuasim returned the call to Defendants and spoke with Brandon Acetti. Acetti advised Ms. Cuasim that she reached "the pre-legal department of API." He further informed Ms. Cuasim that there is "pending litigation against her name and social security number" and that she has only a "few days to resolve the matter." Ms. Cuasim responded that she is experiencing financial hardship and has also been sick. Acetti informed Ms. Cuasim that he called her place of employment that day and found out that she had worked an overnight shift there. Ms. Cuasim asked Acetti if he had told her employer anything. Acetti responded that he informed her employer that he was calling about a "pre-legal matter against Ervie Cuasim." Ms, Cuasim asked Acetti to stop calling her family and workplace. Acetti said that he will only comply with such a request if Ms. Cuasim does not ignore his calls and keeps in contact with him. Acetti then transferred the call to his supervisor. Another man came on the line identifying himself as David Park. Park demanded that Ms. Cuasim make a payment at that moment, stating that there "is a pending judgment" that he would only hold until the end of the business day. Ms. Cuasim informed Park that she has four children to provide for and cannot make the payment at this time. Park threatened to garnish her wages if payment is not received. Ms. Cuasim became very distressed and began crying in the presence of her four children. Park told Ms. Cuasim that he would call her back on Monday to discuss payment options.

12. On February 4, 2017 Defendants called Ms. Cuasim's sister and left a voicemail message, the content of which is as follows: "Ivy Cuasim, this is Brandon Macetti. We're trying to reach out to Ervie Cuasim in regards to a pre-legal matter I'm handling for my client according to Los Angeles County. We are reaching out at this point in time. It is imperative I speak with Ervie or Ervie's legal representative. If you can have her contact me. I'm having hard time reaching her. My number here is 888-673-0877. My extension 246. Thank you."

13. On or about February 9, 2017 Defendants called Ms. Cuasim and left a message on her voicemail that did not identify Defendants' company name or disclose that they are debt collectors.

14. On February 9, 2017 Defendants called Ms. Cuasim's sister and left a voicemail message, the content of which is as follows: "Michelle Cuasim, this is Brandon Acetti, trying to get a final courtesy call to Ervie Cuasim today in regards to a pre-legal claim in my office pending for Los Angeles County. It is imperative Ervie or Ervie's attorney contact me immediately. We are making a final recommendation for our client to move forward today marking the claim as a direct refusal status. The number you can reach me on is 888-673-0877. My extension is 246. Ervie Cuasim is now officially notified. Thank you."

15. On February 10, 2017, Ms. Cuasim called Defendants back for a second time and spoke with Brandon Acetti. Ms. Cuasim advised Acetti that she

had contacted the original creditor of the alleged debt and that they were not affiliated in any manner with "API." Ms Cuasim asked Acetti to send her a debt validation letter by mail. Acetti informed Ms. Cuasim that it would take 3-5 days for her to receive it in the mail because they are located on the east coast. Acetti insisted on sending the information by email, claiming that Ms. Cuasim only has 3-hours to resolve the debt. Ms. Cuasim asked why she would only have 3-hours and insisted that Defendants stop harassing her and her family. In explaining why the original creditor never heard of "API," Acetti asked Ms. Cuasim if had perhaps Defendants had also identified themselves as Cuzco or Regency One as the company collecting the debt. Acetti then said that he will email Ms. Cuasim with Cuzco's number to call, which will connect to Regency One and then connect to his phone. Acetti advised Ms. Cuasim that he would call again after an hour. Acetti did call back after approximately an hour. Ms. Cuasim did not answer the phone and no message was left.

    16. On February 13, 2017 Defendants called Ms. Cuasim and left a message on her voicemail, the content of which is as follows: "This message is intended for Ervie Cuasim. My name is Mark Brown. I'm with the pre-litigation division of API. I'm either looking to speak with Ervie herself or your attorney today in regards to case number 282551. My phone number here is 888-673-0877. My extension is 252."

17. On February 13, 2017 Ms. Cuasim's sister called Ms. Cuasim to inform her that she had received additional calls from Defendants and was very worried about Ms. Cuasim's sake due to the harassing calls. As Ms. Cuasim was driving her four young children home from school, she became distraught and broke down in tears in front of her children. Ms. Cuasim's 16-year old daughter almost called the paramedics due to Ms. Cuasim's uncontrollable sobbing and crying. Ms. Cuasim was out of breath and had difficulty regaining her composure.

18. Increasingly harassed by Defendants' calls to her and her family, Ms. Cuasim retained counsel with Centennial Law Offices. Ms. Cuasim's counsel found no judgment or otherwise civil case against Ms. Cuasim as Defendants had falsely claimed existed.

19. On February 13, 2017, staff from Centennial Law Offices called Defendants at 888-673-0877. Acetti answered the call and advised Centennial Law Offices that they are part of Regency One Capital and that their parent company is Cuzco. Centennial Law Offices staff obtained the details of the alleged debt, advised Defendants that Ms. Cuasim was represented by counsel, and provided counsel's contact information.

20. On March 28, 2017, Defendants called Ms. Cuasim and left a message on her voicemail, the content of which is as follows: "Ervie Cuasim, this is Brandon Acetti from API. I have been in contact with Fria Reyes, your case

8

manager. I'm trying to get this claim dismissed on file for yourself here. It's very important to reach out to Fria if you are wishing to resolve this. I don't know if they heard from you or what's going on, but we need to have something on file to show proof that you are willing to resolve this voluntarily. Please contact Fria at 888-308- 1119 ext. 121. We have offered a few different payment arrangements and settlement for the account. It's up to you how to get in contact with them, otherwise I don't know where to go from here now ma'am. Again, please contact them today so I can get an update on what's going on so we can start getting payment arrangements on file. Thank you."

21. Mc. Cuasim never authorized Defendants to communicate with any third party in connection with the alleged debt or otherwise.

22. Defendants failed to provide Ms. Cuasim with the requisite debt validation information pursuant to 15 U.S.C. 1692g(a) within 5-days of their initial communication with Mr. Huynh on or about January 30, 2017.

23. Due to Defendants abusive and harassing collection activity, Ms. Cuasim has suffered severe emotion distress manifested by sleeplessness, depression, inability to concentrate, and the panic attack she suffered on February 13, 2017.

24. In response and as a direct result of the unlawful collection activity herein alleged, legal fees of $3,355.00 have been incurred.

9

# CAUSES OF ACTION

## COUNT I

25. Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(b) by communicating with third parties in connection with the collection of a debt without Plaintiff's consent.

## COUNT II

26. Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in communications with Plaintiff, specifically Defendants' true company name, that the communications were from a debt collector, and that the communications were made in an attempt to collect a debt.

## COUNT III

27. Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is

informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by engaging in communications with Plaintiff in which Defendants failed to disclose that the communications were from a debt collector, and that the communications were made in an attempt to collect a debt.

### COUNT IV

28. Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff with the debt validation information contemplated by 15 U.S.C. 1692g within 5-days of their initial communication with Plaintiff.

### COUNT V

29. Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## COUNT VI

30. Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, with regards to Plaintiff by making the following misrepresentations in connection with the collection of a debt: (1) That they were calling from "API"; (2) that there was "pending litigation against [Plaintiff's] name and social security number"; (3) that Plaintiff had only a "few days to resolve the matter"; (4) that there "is a pending judgment"; (5) that Defendant's could or would garnish Plaintiff's wages; (6) that there was "a pre-legal claim in my office pending for Los Angeles County"; and (7) that Defendants were from Los Angeles County.

## COUNT VII

31. Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(2) with regards to Plaintiff as follows: Defendants contacted Plaintiff in an attempt to collect a debt after having actual knowledge that Plaintiff was represented by counsel and the means to contact Plaintiff's counsel.

## COUNT VIII

32.  Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.11(b) by engaging in communications with Plaintiff in which Defendants failed to disclose that the communications were from a debt collector, and that the communications were made in an attempt to collect a debt.

## COUNT IX

33.  Plaintiff re-alleges paragraphs 1 through 24, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.11(e) by communicating with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(2);

2.) For statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

3.) For actual damages of $5,000.00 for emotional distress.

3.) For $3,355.00 for legal fees in responding to unlawful collection activity;

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. 1692(k) and Cal. Civ. Code § 1788.30(c);

6.) For the costs of this lawsuit; and

7.) For any other and further relief that the court considers proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Date:  February 2, 2018           s/Robert Amador_____
                                  ROBERT AMADOR, ESQ.
                                  Attorney for Plaintiff Ervie Cuasim